**FAGAFAGA DANIEL LANGKILDE, Claimant**

**v.**

**UIAGALELEI GAFOA LE'AENO and FRANK W. REED,
Counter-Claimants**

**[Registration of the Matai Title "LE'AENO"
in the Villages of Matu'u and Faganeanea]**

High Court of American Samoa
Land and Titles Division

MT No. 2-89

August 6, 1993

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, AFUOLA, Associate Judge, MAILO, Associate Judge, and LOGOAI, Associate Judge.

117

Counsel: For Claimant, Tauese P.F. Sunia
For Counter-claimant Uiagalelei Gafoa Le'aeno,
Togiola T.A. Tulafono
For Counter-claimant Frank W. Reed, Tauana'itau F. Tuia

This protracted proceeding for selection of the next registrant of the matai title "Le'aeno" of the Villages of Matu'u and Faganeanea, American Samoa, began in 1987. Claimant Fagafaga Daniel Langkilde ("Fagafaga") submitted his claim of succession to the territorial registrar on April 21, 1987. The 60-day notice of the proposed registration of this matai title was posted on the same date. Counter-claimants Uiagalelei Gafoa Le'aeno ("Uiagalelei") and Frank W. Reed ("Falani") presented their claims on June 18 and 22, 1987, respectively.

Pursuant to A.S.C.A. § 43.0302, the matter was referred to the Secretary of Samoan Affairs on June 24, 1987, for dispute resolution, and the secretary's certificate of irreconcilable dispute was issued by the deputy secretary on February 15, 1989. On February 16, 1989, the Territorial Registrar referred the matter for judicial settlement, and this judicial proceeding was commenced. On July 8, 1993, Uiagalelei withdrew his candidacy. Trial finally began on the following day, July 9, 1993, and was concluded on July 12, 1993.

## ADEQUACY OF THE PETITIONS FOR REGISTRATION

The adequacy of the petitions filed by Fagafaga and Falani with the Territorial Registrar for registration of the matai title Le'aeno must be addressed first. Fagafaga's petition was signed by 17 persons. One signer is eliminated as a non-blood member of the Le'aeno family. The remaining 16 are members of Fagafaga's clan, the extended Amio family. Falani's petition was signed by 11 members of his clan, the same extended Amio family. Uiagalelei's petition was signed by 53 members of his clan, the extended Ugaloto family.

A.S.C.A. § 1.0405(b) sets forth the requirements for valid petitions. Among other elements, the petition must be signed by 25 blood members of the matai title claimed. These persons must be at least 18 years of age and residents of American Samoa at the time the petition is filed with the Territorial Registrar. If the family has less than 25 qualified members, the petition is still valid when it is supported by the claimant's affidavit of an insufficient number of blood members. Under A.S.C.A. § 1.0405(c), the Territorial Registrar, if not satisfied with the

118

information provided in the petition, must require proof of blood relation to the title, age, residency, or insufficiency of blood members. A.S.C.A. § 1.0407(b), (c) and (d) essentially establishes the same requirements for petitions submitted by counter-claimants or objectors.

An important factor for present purposes is the interpretation of the word "family" in the context of an insufficient number of qualified blood members. The plain meaning of the word connotes all such persons in the entire, extended family related to the title. However, this definition virtually renders a very small-clan member's aspirations to a title futile when candidates come forth from each clan in a family and his or her clan has fewer than 25 adult, resident blood members. The problem becomes even more difficult when, as in this case, more than one aspirant comes from the same small clan.

To serve as a guide until there is further legislated direction, we equate the word "family" with the claimant's or counter-claimant's clan for purposes of testing the validity of the petitions. *Cf. In re Matai Title "Mauga"*, 4 A.S.R. 616, 619-622 (Trial Div. 1965) ("intention of the Legislature is not and should not be to frustrate or make impossible the selection of a matai when a title becomes vacant").

Nevertheless, since the Amio clan had at least 27 members qualified to sign petitions to register matai titles, this interpretation does not definitively resolve the issue in this case. We are tempted to further interpret the statutes to allow two or more candidates from the same clan to file petitions with less than 25 signatories whenever the clan has fewer than 49 qualified members. However, judicial constraint precludes such creative construction.

Instead, we will simply follow the precedent of *In re Matai Title "Mauga"*, 4 A.S.R. at 619-22, which dealt with similar factual matters and inadequate statutory guidance, and proceed with awarding this title. We believe that both candidates' affidavits stating that there were less than 25 qualified family members were made in good faith. In any event, the family is entitled to the judicial resolution it seeks after so many years without a Le'aeno titleholder.

## FINDINGS ON STATUTORY CRITERIA

Based on the evidence submitted to the court, the following findings of fact are made with respect to the four criteria set forth in A.S.C.A. § 1.0409.

119

## 1. *Best Hereditary Right*

This factual determination is traditionally guided by the percentage of the candidates' blood relationship to a former holder of the matai title (though in unusual cases it may be appropriate to calculate blood relationships from the original titleholder or from the nearest common ancestor, the so-called "Sotoa" rule and its variant). *See In re Matai Title "Iuli"*, 14 A.S.R.2d 116, 117-18 (Land & Titles Div. 1990); *In re Matai Title "Tuiteleleapaga"*, 15 A.S.R.2d 90, 90-91 (Land & Titles Div. 1990); *In re Matai Title "Sotoa"*, 2 A.S.R.2d 15 (Lands & Titles Div. 1984); *see also In re Matai Title "Mulitauauopele"*, 17 A.S.R.2d 75, 80 (Land & Titles Div. 1990). By the traditional measure Falani, as the son of Le'aeno Viliamu Reed, has 1/2 or 50% Le'aeno blood. On the other hand, Fagafaga is the great-great-grandson of Le'aeno Fagafaga and, on this basis, has 1/16 or 6.25% Le'aeno blood.

No circumstances in this case justify application of the "Sotoa" rule. However, even under this approach, Falani possesses a superior hereditary right to the title. The candidates concur on the names of the original Le'aeno and his successors, including their nearest common ancestor, Le'aeno Fagafaga. While Fagafaga is four generations removed from the nearest common ancestor, Falani is only three generations removed from this ancestor.

Indeed, Fagafaga readily conceded that Falani prevails on the hereditary right criterion.

## 2. *Wish of Majority or Plurality of the Clans of the Family*

This consideration seeks to weigh the candidates' support within the family by accounting for the wish of the majority or plurality of the customarily recognized clans in the family at the time of trial. A.S.C.A. § 1.0409(c)(2); *In re Matai Title "Tauala"*, 15 A.S.R.2d 65, 68 (Land & Titles Div. 1990). The candidates also at least partially agree on this issue. The family has two clans established through Le'aeno Galeva'a's progeny, his daughter Amio and son Ugaloto. Both candidates are members of the Amio clan. However, their respective assessments of the wish of the clans diverge at this point.

During this vacancy in the Le'aeno title, the Amio clan met either separately or with the Ugaloto clan some eight or nine times in efforts to choose a successor for the title. The last time was after a

continuance of the trial for this purpose and only a few days before trial. One overall result of these meetings is that both Fagafaga and Falani still want to be the Amio clan's choice, and each refuses to concede to the other. Apparently, Fagafaga can command a numerical majority within the clan. However, clan support can not be evaluated by counting heads and is traditionally measured by consensus. *In re Matai Title "Tauala"*, 14 A.S.R.2d 83, 88 (Lands & Titles Div. 1990). Amio's and her offsprings' marriages have produced several genealogical lines. Most of these lineages favor and, thus, forge consensus for Falani. Viewed in this traditional perspective, Falani has the Amio clan's support.

During the last few days before trial, Uiagalelei made his decision to withdraw his candidacy and conveyed to Fagafaga and Falani that they and the Amio clan should decide upon the title registrant. This turn of events could be interpreted as signifying that the Ugaloto clan does not support either Fagafaga or Falani. It could also mean that the Ugaloto clan supports either of them upon selection by the Amio clan. At one time, a minister's blessing, ava cup ceremony, and related rituals were held for Uiagalelei and Falani jointly. This event certainly indicates that the Ugaloto clan supports Falani if he is the Amio clan's choice.

Given the Amio's clan consensus support for Falani and the reasonable inference of the Ugaloto clan's support for Falani if he is the Amio clan's choice, Falani has dominance on this issue.

### 3. *Forcefulness, Character, and Personality; Knowledge of Samoan Customs*

Leadership ability, honesty, education, public service, involvement in church and village affairs, and previous experience as a matai are some of the factors which aid in meeting this criterion. *See, e.g., In re Matai Title "Tauala"*, 14 A.S.R.2d at 89-93; *In re Matai Title "Tuiteleleapaga"*, 15 A.S.R.2d at 90-93; *In re Matai Title "Mauga"*, 4 A.S.R. at 628-29 (predecessor Code Amer. Samoa § 6.0107 (1961 ed.)).

Unquestionably, Fagafaga is a highly visible member of the generation that must succeed to leadership in American Samoa in the foreseeable future. He sought out educational goals, having graduated at the secondary level, attended institutions of higher learning off-island, and completed specialty training for radio broadcasting and disaster emergency communications. He has hands-on experience in supervisory and managerial roles. He is an accomplished master-of-ceremonies and· broadcaster of events. He has served in the House of Representatives of

the Legislature of American Samoa, on various governmental committees, boards and commissions, and in several diverse church functions. He demonstrated initiative in enabling his fellow villagers to cope with the hurricane disasters in 1990 and 1991 and in dealing with other village needs. He has also been a matai for some 14 years. On the other hand, his matai title was created by a former Leʻaeno after the matai title registration process closed on January 1, 1969, and, thus, is not legally recognizable.

Falani's record is less impressive in some particulars. He did not complete secondary education, where his formal education ended. He admitted to a serious violation of the law outside of American Samoa while still a juvenile. Although he worked in several responsible occupational positions, both in the private sector and with the American Samoa Government, they largely lacked supervisory or managerial functions. The prime exception is his eight years of service as a member of the House of Representatives, including chairmanship of the House Rules Committee and vice-speakership of the House. His other activities also include service on various government committees, boards and commissions, and in several church positions. He has never been a matai, but he turned down several requests to accept a title in the Village of Matuʻu because he was then residing in another village and representing that area in the House of Representatives.

Both contenders confirmed their knowledge of Samoan customs well. Both honor those customs and rendered loyal and respectful service, or tautua, to Leʻaeno titleholders.

Fagafaga's educational and career accomplishments give him a distinct but not overwhelming advantage in this category. Falani has overcome in maturity and humility any deficiencies from his younger years. However, Fagafaga does slightly prevail on this standard.

4. *Value to Family, Village, and Country*

This consideration seeks to evaluate the candidates' prospective value to his family, village, and American Samoa as holder of the title, in light of the first three criteria and their leadership potential and plans. *See In re Matai Title "Tauala"*, 14 A.S.R.2d at 93-94; *In re Matai Title "Sala"*, 4 A.S.R. 21, 23 (Land & Titles Div. 1971) (predecessor Code Amer. Samoa § 6.0107 (1961 ed.)).

As indicated above, both aspirants' projected a high-minded willingness to undertake responsibilities and a resolute devotion to duty, including plans to unify the family after the court's decision. Fagafaga's activities tend to be publicly noticeable, while Falani proceeds more quietly and less ostentatiously. Both manifest potential for greater leadership roles, though Falani's older, generational position in the family must also be taken into account. Overall, each contestant is prepared and well-suited to assume the obligations of this title. They are ranked equally on this criterion.

## CONCLUSIONS OF LAW

Based on the foregoing findings of fact, the following conclusions of law are reached.

1. Falani has the best hereditary right to the Le'aeno title.

2. Falani enjoys the support of the majority of the clans of the family.

3. While both candidates are relatively equal on knowledge of Samoan custom, Fagafaga has the edge on forcefulness, character and personality. Fagafaga prevails by a narrow margin on this consideration.

4. Despite different leadership styles, both candidates are evenly matched in their potential value to family, village and country. Neither one is superior in this category.

5. A.S.C.A. § 1.0409(b) gives statutory priority to the four considerations in the order listed. More weight is given to each criterion than to those following it, taking into account the relative margins by which the candidates may win on each of the four categories. *In re Matai Title "Tauala"*, 15 A.S.R.2d at 69. Recognizing the priority assigned to the best hereditary right over majority clan support, and majority clan support over forcefulness, character and personality and knowledge of Samoan customs, as well as the relatively narrow advantage Fagafaga has over Falani in the latter consideration, the matai title Le'aeno is awarded to Falani.

The territorial registrar shall register the Le'aeno title in the name of Frank W. Reed.

Judgment shall enter accordingly. It is so ordered.